UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| j2 GLOBAL COMMUNICATIONS, INC., § § **Plaintiff** § § vs. § § **PROTUS IP SOLUTIONS INC.,** § § **Defendant.** § § | **CASE NO. 6:08cv211** **JURY TRIAL DEMANDED** |

### PLAINTIFF'S COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff j2 Global Communications, Inc. ("j2") hereby alleges for its Complaint against Protus IP Solutions Inc. ("Protus" or "Defendant"), on personal knowledge as to its own activities and on information and belief as to the activities of others, as follows:

### I.

### THE PARTIES

1. j2 is a corporation organized under the laws of the State of Delaware with its principal place of business at 6922 Hollywood Boulevard, Suite 500, Los Angeles, California, 90028.  j2 provides messaging and communications services to millions of customers around the world.

2. Upon information and belief, Protus is a corporation organized under the laws of Canada with its principal place of business at 2379 Holly Lane, Suite 210, Ottawa, Ontario Canada K1V 7P2.  Upon information and belief, Protus is an application service provider offering voice, e-mail and fax messaging services to businesses around the world, including the United States, the State of Texas and, more particularly, the Eastern District of Texas.  Protus allows users to, *inter alia*, send and receive faxes from e-mail and the Internet.  Protus may be

served with summons as authorized by the Hague Convention for the service abroad of judicial and extrajudicial documents under Rule 4(f) of the Federal Rules of Civil Procedure.

## II.

## JURISDICTION AND VENUE

3.     This is an action for patent infringement arising under the patent laws of the United States, Title 35 of the United States Code.  Accordingly, this Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

4.     As detailed in paragraph 2 above, Protus regularly and deliberately engages in activities that occur in and/or result in the sales of goods and/or services in the State of Texas and in this judicial district, which activities result in infringement of United States patents owned by j2.  This Court has personal jurisdiction over Protus.

5.     Venue is proper in this district pursuant to 28 U.S.C. §§ 1391(b), (c) and (d), and 1400(b).

## III.

## CAUSES OF ACTION

### Infringement of U.S. Patent No. 6,597,688

6.     j2 repeats and realleges the allegations of paragraphs 1 through 5 of the Complaint as if fully set forth herein.

7.     United States Patent No. 6,597,688, entitled "Scalable Architecture for Transmission of Messages over a Network" (hereafter "the '688 Patent"), was duly and legally issued on July 22, 2003, to Anand Narasimhan, Yaacov Shemesh and Amit Kumar.  A true and correct copy of the '688 Patent is attached hereto as Exhibit A.

8. The '688 Patent has been in full force and effect since its issuance. j2 owns by assignment the entire right, title and interest in and to the '688 Patent, including the right to sue for past, present, and future infringements thereof. j2 has provided and Protus has received actual notice of the '688 Patent.

9. Protus has directly infringed, and/or has induced others to infringe, and/or has committed acts of contributory infringement of one or more claims of the '688 Patent in violation of 35 U.S.C. § 271, *et seq.* Protus has committed acts of infringement by making, using, selling, and/or offering to sell products and/or services within the United States, and/or importing products and/or services into the United States, including, but not limited to, MyFax™ and [www.internetfaxprovider.com](www.internetfaxprovider.com).

10. Protus's activities have been without express, or implied, license by j2.

11. Protus will continue to infringe the '688 Patent unless enjoined by this Court. As a result of the infringing conduct of Protus, j2 has suffered, and will continue to suffer, irreparable harm for which there is no adequate remedy at law. Accordingly, j2 is entitled to temporary, preliminary, and/or permanent injunctive relief against such infringement pursuant to 35 U.S.C. § 283.

12. As a result of Protus's infringement of the '688 Patent, j2 has been damaged, and will be further damaged, and is entitled to be compensated for such damages pursuant to 35 U.S.C. § 284 in an amount that presently cannot be ascertained, but that will be determined at trial.

13. Because Protus has continued its activities after receiving actual notice of the '688 Patent from j2, Protus's infringement is willful. As a result, j2 is further entitled to trebling of

damages pursuant to 35 U.S.C. § 284, and to the designation of this case as exceptional pursuant to 35 U.S.C. § 285, whereby j2 is further entitled to an award of its attorneys' fees.

### Infringement of U.S. Patent No. 7,020,132

14. j2 repeats and realleges the allegations of paragraphs 1 through 5 of the Complaint as if fully set forth herein.

15. United States Patent No. 7,020,132, entitled "Scalable Architecture for Transmission of Messages over a Network" (hereafter "the '132 Patent"), was duly and legally issued on March 28, 2006, to Anand Narasimhan, Yaacov Shemesh and Amit Kumar.  A true and correct copy of the '132 Patent is attached hereto as Exhibit B.

16. The '132 Patent has been in full force and effect since its issuance.  j2 owns by assignment the entire right, title and interest in and to the '132 Patent, including the right to sue for past, present, and future infringements thereof.

17. Protus has directly infringed, and/or has induced others to infringe, and/or has committed acts of contributory infringement of one or more claims of the '132 Patent in violation of 35 U.S.C. § 271, *et seq.*  Protus has committed acts of infringement by making, using, selling, and/or offering to sell products and/or services within the United States, and/or importing products and/or services into the United States, including, but not limited to, MyFax™ and [www.internetfaxprovider.com](www.internetfaxprovider.com).

18. Protus's activities have been without express, or implied, license by j2.

19. Protus will continue to infringe the '132 Patent unless enjoined by this Court.  As a result of the infringing conduct of Protus, j2 has suffered, and will continue to suffer, irreparable harm for which there is no adequate remedy at law.  Accordingly, j2 is entitled to

temporary, preliminary, and/or permanent injunctive relief against such infringement pursuant to 35 U.S.C. § 283.

20. As a result of Protus's infringement of the '132 Patent, j2 has been damaged, and will be further damaged, and is entitled to be compensated for such damages pursuant to 35 U.S.C. § 284 in an amount that presently cannot be ascertained, but that will be determined at trial.

### IV.

### **PRAYER FOR RELIEF**

WHEREFORE, j2 prays for entry of judgment against Protus as follows:

A. That Protus has infringed the '688 Patent and the '132 Patent under 35 U.S.C. §§ 271 *et seq.*;

B. That injunctions, preliminary and permanent, be issued by this Court restraining Protus, its respective officers, agents, servants, directors, and employees, and all persons in active concert or participation with Protus, from directly or indirectly infringing, or inducing or contributing to the infringement by others of the '688 Patent and the '132 Patent;

C. That Protus be required to provide j2 an accounting of all gains, profits and advantages derived by Protus's infringement of the '688 Patent and the '132 Patent, and that j2 be awarded damages adequate to compensate j2 for the wrongful infringing acts by Protus, in accordance with 35 U.S.C. § 284;

D. That as a result of Protus's willful infringement of the '688 Patent, j2 be awarded treble damages pursuant to 35 U.S.C. § 284;

  E. That this Court declare this case exceptional and award j2 its reasonable attorneys' fees pursuant to 35 U.S.C. § 285 as a result of Protus's willful infringement of the '688 Patent;

  F. That j2 be awarded its interest and costs of suit incurred in this action; and

  G. That j2 be awarded such other and further relief as this Court may deem just and proper.

<b><u>DEMAND FOR JURY TRIAL</u></b>

Pursuant to Federal Rule of Civil Procedure 38(b), j2 hereby demands a jury trial for all issues in this case that properly are subject to a jury trial.

             Respectfully submitted,

             PATTON, TIDWELL & SCHROEDER, L.L.P.

             By:   /s/ Nicholas H. Patton
               Nicholas H. Patton
Dated: May 29, 2008          Texas Bar No. 156310000
               J. Kurt Truelove
               Texas Bar No. 24013653
               4605 Texas Boulevard
               Texarkana, Texas 75503
               Telephone: (903) 792-7080
               Facsimile: (903) 792-8233
               E-mail: nickpatton@texarkanalaw.com
                   ktruelove@texarkanalaw.com
             **Attorneys for Plaintiff,**
             **j2 GLOBAL COMMUNICATIONS, INC.**